# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND TSCHUDY, individually, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>J. C. PENNEY CORPORATION, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 11cv1011 JM-CAB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Docket Nos. 8, 13 |

Plaintiff Raymond Tschudy filed a class action complaint in San Diego Superior Court on April 5, 2011, alleging that Defendant J.C. Penney Corporation, Inc. ("JCP") violated several California laws by failing to provide legally mandated vacation benefits. JCP removed the action to this court on May 9, 2011, and then moved for judgment on the pleadings as to the first claim (under Cal. Labor Code §200) on the ground that it is time-barred. Plaintiff thereafter moved for leave to file an amended complaint. Both motions were taken under submission. For

1

the reasons stated below, the motion for leave to amend the complaint is GRANTED, and the motion for judgment on the pleadings is DENIED as moot.

## I. BACKGROUND

The complaint filed by Tschudy purports to represent a class of former and current California employees of JCP. Its principal allegation is that JCP's California employees "are forced to forfeit, without compensation, all accrued and unused paid vacation if such employees are not employed on the first day of the calendar month following the month or months during which such paid vacation benefits were earned." ¶ 8. The complaint also states that the statute of limitations on the claims should be equitably tolled based on JCP's representations that its policies and practices were lawful. ¶ 9.

The complaint sets forth two causes of action. First, it alleges a violation of Cal. Labor Code §200, et seq., based on forfeiture of wages. The second cause of action alleges unlawful business practices in violation of Cal. Bus. & Prof. Code §17200, et seq.

JCP removed the action to this court and shortly thereafter moved for judgment on the pleadings under Rule 12(c), arguing that the statute of limitations prevents the court from hearing Tschudy's first claim. Tschudy opposes the motion on the basis of equitable tolling and requests leave to file an amended complaint naming additional class representatives from California and Illinois.

## II. LEGAL STANDARD

As the parties agree, leave to amend should be freely granted under Rule 15(a)(2) when justice so requires. Zucco Partners, LLC v. Digimarc Corp., 552 F. 3d 981, 1007 (9th Cir. 2009). Factors to consider in determining whether to allow amendment include undue delay, bad faith, dilatory motive, undue prejudice, and futility. Id. JCP claims that it will face undue prejudice if

an amendment is allowed; it also argues several of the proposed amendments would be futile. In addition to the factors listed above, Ninth Circuit courts consider whether parties have previously amended their pleadings. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

**III. DISCUSSION**

**A. Prejudice**

1. Differing Class Periods

First, JCP argues that amending the complaint would result in two different class periods: one for the Labor Code claims, which have a three-year statute of limitations, and one for the Business and Professions Code claims, which would reach back four years. In broad brush, JCP claims that (1) Tschudy's Labor Code claims are time-barred, (2) he, therefore, lacks standing to represent other class members with such claims, and (3) as a result, their claims will not relate back to the time Tschudy filed his original complaint. In conclusion, JCP merely states that existence of two different class periods would "unnecessarily complicate this action," causing prejudice.

JCP provides no case law authority in which a court denied leave to amend based on purported prejudice created by two different class periods, while several district court cases have contemplated different class periods without finding prejudice. See, e.g., In re Charles Schwab Corp. Securities Litigation, 264 F.R.D. 531 (N.D. Cal. 2009) (setting different time periods for two classes where each class was based on distinct claim under Securities Act of 1933).

Plaintiff correctly notes that courts routinely allow amendments to class complaints if an original plaintiff will not adequately represent the class because of a time-bar. Even without the time-bar issue, there would be different class periods because the claims have different statute of limitations periods. JCP does not explain why having the three-year period run from the time of

the new plaintiffs' filing would prejudice them more than having the three-year period run from the date Tschudy filed the initial complaint.

2. Parallel Class Actions

JCP also argues that allowing an amended complaint will create prejudice by "spawn[ing] parallel class actions." According to JCP, this would create complication by requiring application of two states' laws, expanding the size of the classes, and expanding discovery. Plaintiff counters that Illinois law is similar to California law, and that both claims could be litigated more easily in one court.

JCP cites Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1320 (9th Cir. 1984) for the proposition that leave to amend should be denied when additional claims would cause substantial complication. However, the plaintiff in Loehr sought to alter the case much more than Tschudy does here. The plaintiff "wished to add seven pendent state law claims, three new federal claims, two additional defendants, and new allegations" at a comparatively late point in the litigation. Id. at 1313, 1320. The Ninth Circuit upheld the district court's denial of leave to amend based on futility, but noted that they did not believe granting leave to amend would have caused great prejudice. Id. at 1320.[1]

Finally, arguments concerning variations between states' laws are more properly put forth in opposition to a motion for class certification. JCP's prejudice argument does not explain why the amendment itself, rather than the makeup of the proposed class, would be harmful. The court can later deny class certification if it finds that the Illinois law claims prevent the putative class from meeting Rule 23's requirements. See, e.g., Zinser v. Accufix Research Institute, Inc., 253

---

[1] JCP also cites iRise v. Axure Software Solutions, Inc., 2009 U.S. Dist. LEXIS 102189 (C.D. Cal. 2009) to no avail. Though that case set forth the Ninth Circuit standard for undue prejudice, it rightly focused on amendment that would cause complications arising "at a late hour." Id. at *27. Here, before discovery has taken place, concern with raising different theories or facts is not as great.

F.3d 1180, 1189 (9th Cir. 2001) (affirming district court's refusal to certify class when it was apparent that the laws of 48 different states might apply and plaintiffs put forth no manageable trial plan).

**B. Futility**

1. PAGA Claim

As part of the proposed amended complaint, Plaintiff has added a claim under Cal. Labor Code §2699 ("PAGA") and seeks to recover civil penalties. Before filing a PAGA claim, a plaintiff must provide notice to the Labor and Workforce Development Agency ("LWDA"). Cal. Labor Code §2699.3. If the aggrieved employee does not receive notice of LWDA's intent to investigate within 33 days of the notice, the employee may bring suit. Id. Furthermore, Defendant points out that there is a one-year statute of limitations for PAGA claims. See, e.g., Thomas v. Home Depot USA, Inc., 527 F.Supp.2d 1003, 1007 (N.D. Cal. 2007) (rejecting argument that limitations period for PAGA claims should be based on underlying Labor Code violation).

Because Tschudy has not worked for JCP since February of 2008, Defendant argues he did not timely exhaust administrative remedies. If this is correct, the proposed new plaintiffs must separately exhaust their own administrative remedies. Tschudy explains that the proposed California plaintiffs have now made proper filings to exhaust administrative remedies. Plaintiff asserts that the 33-day window will expire on September 23, 2011, and if no notice has been received from LWDA, leave should be granted for the new plaintiffs to make PAGA claims.[2]

---

[2] The court has not received information concerning LWDA's decision. If LWDA has indeed indicated an intent to investigate, that decision may affect the continued existence of the PAGA claim in the amended complaint.

### 2. The Illinois Arbitration Agreement

Defendant also argues that it would be futile for the proposed Illinois plaintiff to be added to the suit because he entered into an arbitration agreement with JCP. JCP provides several cases from outside the Ninth Circuit to show that trial courts are willing to declare an amendment futile because of an arbitration agreement.[3] Plaintiff vigorously argues that the court should be more fully briefed on the arbitration agreement before making a decision on its enforceability.

Neither party cites any case from the Ninth Circuit concerning the issue, though one recent case from the Northern District of California addresses it. In <u>In re TFT-LCD Antitrust Litigation</u>, the court granted leave to amend, but stayed some of the plaintiff's claims pending arbitration. 2011 WL 3353867 at *3 (N.D. Cal. 2011). The court also noted that "[s]ome courts have been reluctant to address arbitrability in the context of a motion to amend." <u>Id</u>. at 2. However, it decided to address the arbitrability issue because both parties had been involved in the litigation for years and the court saw no benefit in delaying decision.

Here, the court would benefit from further briefing on the arbitrability issue before a decision is made. To deny leave to amend would be premature considering the dearth of information and argument the court has seen.

**IV. CONCLUSION**

Granting Tschudy leave to file an amended complaint will not cause undue prejudice, and JCP has not sufficiently demonstrated that the proposed amendments will be futile. There has

---

[3] In <u>Halliburton v. Henderson, Few & Co.</u>, the Eleventh Circuit affirmed a district judge's finding of futility based on an arbitration clause, but that case had progressed much further than this one, and the defendant had already submitted a motion to compel arbitration on all of the plaintiff's original claims. 774 F.2d 441, 445 (11th Cir. 1985). And in <u>Mills v. Marjam Supply Co.</u>, the court denied leave to amend because of an arbitration clause. 2009 U.S. Dist Lexis 6760 at *7-9 (D.N.J.). In that case the plaintiff did not "raise any objection to or argument against the arbitration clause." <u>Id</u>. In <u>Kelly v. MBNA America Bank</u>, the Delaware court had already dismissed other claims as barred by the Federal Arbitration Act and the court treated Plaintiff's entire case as somewhat frivolous. 528 F.Supp.2d 490, 492 (D. Del. 2008).

been no showing of bad faith, dilatory motive, or undue delay, and Tschudy has not previously sought to amend the complaint. Therefore, the motion for leave to amend is GRANTED, and the motion for judgment on the pleadings is DENIED as moot. The proposed First Amended Complaint is hereby adopted as the operative complaint. Defendant shall have twenty days from the release of this order to file any responsive pleadings.

**IT IS SO ORDERED.**

DATED: October 24, 2011

The Honorable Jeffrey T. Miller
United States District Judge