IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARCIA, et al. | ) |
| | ) |
| | ) Case No.12-CV-03687 |
| | ) |
| Plaintiffs, | ) Judge: Hon. Joan B. Gottschall |
| | ) |
| v. | ) |
| | ) |
| J.C. Penney Corporation, Inc. | ) |
| | ) |
| Defendant. | ) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT,
SCHEDULING HEARING FOR FINAL APPROVAL, AND
APPROVING PROPOSED CLASS NOTICE**

WHEREAS, Plaintiffs Laura Progo (formerly, Laura Garcia) and Lore Rednour (the "Named Plaintiffs") and Defendant J.C. Penney Corporation, Inc. ("JCPenney") (collectively, the "Parties") have jointly made application for an order preliminarily approving the settlement of this Class Action as identified and defined in the Class Action Settlement Agreement ("Settlement Agreement"), which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the Class Action and for dismissal of the Class Action upon the terms and conditions set forth therein;

WHEREAS, the Court has read and considered the Settlement Agreement, the exhibits attached thereto, and the briefing and declarations submitted in support of preliminary approval of the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The definitions contained in the Settlement Agreement attached to the Declaration of James C. Kostas as Exhibit B in support of the motion for preliminary approval of the Settlement in this Class Action are incorporated herein by reference.

2. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as being fair, reasonable and adequate. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues presented in the instant Class Action in particular.

3. The Court finds, solely and exclusively for the purposes of the proposed Settlement Class, that with regard to the claims asserted by the Named Plaintiffs: (i) the number of Settlement Class Members is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) the Named Plaintiffs' claims are typical of the Settlement Class Members' claims, and (iv) the Named Plaintiffs and Class Counsel adequately represent the interests of the Settlement Class Members. In addition, the Court finds that with regard to the Settlement Class Members, questions of law or fact common to the class predominate over questions affecting individual members, and a class action is superior to other available methods. Certification of the Named Plaintiffs' claims for settlement purposes is the best means for protecting the interests of all of the Class Members.

4. The Court has considered the pleadings and arguments made by the Parties in support of the motion for preliminary approval of the Settlement Agreement, as well as the declarations submitted in support thereof, and finds that the proposed class defined in the Settlement Agreement is proper and should be certified for settlement purposes as defined herein

below. Solely for purposes of the proposed Settlement, a settlement class is hereby conditionally certified pursuant to Fed. R. Civ. Proc. 23 as follows:

> All former Part-Time Non-Management Associates (i) employed by JCPenney in Illinois in that capacity between January 1, 2004 and October 20, 2016, and (ii) whose employment with J.C. Penney terminated between January 1, 2004 and October 20, 2016.

5. After reviewing the qualifications of the applicants for appointment of Class Counsel, the Court does hereby approve James C. Kostas of Huffman and Kostas, Sheldon A. Ostroff of the Law Offices of Sheldon A. Ostroff and Douglas M. Werman of Werman Salas P.C. as Class Counsel for the Settlement Class.

6. The Court is satisfied that the Named Plaintiffs do not have any conflicts of interest with the absent Class Members and will be able to fairly and adequately protect the interests of the Class Members and therefore approves Laura Progo (formerly Laura Garcia) and Lore Rednour as Named Plaintiffs and class representatives for the Settlement Class.

7. The Court appoints American Legal Claim Services, LLC, as Settlement Administrator. The costs of settlement administration shall be paid pursuant to the terms of the Settlement Agreement.

8. The Court approves, as to form and content, the Class Notice attached as Exhibit 2 to the Settlement Agreement and finds that the distribution of the Class Notice as set forth in Section 6 of the Settlement Agreement: (1) meets the requirements of federal law and due process; (2) is the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto. Notice of the proposed Settlement shall be provided in accordance with the Settlement Agreement. Non-substantive changes may be made to the Class Notice by agreement of the Parties without further order of this Court.

9. All Class Members who do not opt out of the Settlement Class as described in the Class Notice shall be bound by all determinations and the judgment in this Class Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class Members.

10. Settlement Class Members shall not be required to submit a claim form to participate in the Settlement and receive a Settlement Award.

11. Within thirty (30) days of the mailing of the Settlement Class Notice, Settlement Class Members objecting to the terms of the Settlement Agreement must do so in writing in accordance with the Settlement Agreement. The written objection must be served on the Parties' counsel of record and filed with the Clerk of the Court in accordance with the Settlement Agreement.

12. Within thirty (30) days of the mailing of the Class Notice, Class Members who wish to exclude themselves from the Settlement must submit a written request for exclusion to the Settlement Administrator in accordance with the Settlement Agreement.

13. Any Settlement Class Member may enter an appearance in the Class Action, at his or her own expense, individually or through counsel of his or her own choice. Any Settlement Class Member who does not enter an appearance or opt out of the Settlement Class will be represented by Class Counsel.

14. A hearing, for purposes of determining whether the Settlement Agreement should be finally approved, shall be held before this Court on July 12, 2017, at 9:30 a.m., in Room 2325 of the U.S. District Court, 219 S. Dearborn Street, Chicago, Illinois 60604. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Class Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court. The Court will also hear at that time any

objections submitted by Class Members. The Court will also consider Class Counsels' request for an award of attorneys' fees and costs, the Service Awards to be paid to the Named Plaintiffs, and the payment to American Legal Claim Services, LLC, for administering the Settlement.

15. Any member of the Settlement Class may appear at the final approval hearing and show cause, if any, why: (1) the proposed Settlement of the Class Action should or should not be approved as fair, reasonable, and adequate; (2) a judgment should or should not be entered thereon; (3) attorneys' fees and/or costs should or should not be awarded to Class Counsel; and/or (4) the Named Plaintiffs should or should not receive Service Awards. However, no Settlement Class Member, or any other person, shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement Agreement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Named Plaintiffs, attorneys' fees, and/or costs awarded to Class Counsel, unless that person has, no later than thirty (30) days after mailing of Class Notice to the Settlement Class Members, served by hand or by first class mail on the Clerk of the Court and Class Counsel written objections and copies of any papers and briefs in support thereof explaining the basis of the objection in accordance with the Settlement Agreement. All timely filed and served objections shall be considered and ruled upon by the Court at the final approval hearing. Any Settlement Class Member who does not timely file and serve his or her objection in accordance with the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement contained in the Settlement Agreement, any award of attorneys' fees and costs awarded to Class Counsel, and any Service Award to the Named Plaintiffs, unless otherwise ordered by the Court.

16. The Parties shall file all papers in support of final approval of the Settlement no later than ten (10) days prior to the final approval hearing.

17. Class Counsel shall file their motion for an award of attorneys' fees and costs as part of the motion for final approval of the Settlement no later than ten (10) days prior to the final approval hearing.

18. At the final approval hearing, the Court shall determine whether the proposed Settlement, any application for attorneys' fees or reimbursement of costs, the Named Plaintiffs' Service Awards, and the costs of the settlement administration shall be approved.

19. The Court reserves the right to adjourn the date of the final approval hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

DATED: March 29, 2017

HON. JOAN B. GOTTSCHALL
U.S. DISTRICT COURT JUDGE